COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:  Hung Dasian Truong  v. The State of Texas

Appellate case number:  01-16-00390-CR; 01-17-00343-CR

Trial court case number:  1172979

Trial court:  339th District Court of Harris County

Appellant appeals the trial court's May 3, 2016 order ("the 2016 appeal") and May 3, 2017 order ("the 2017 appeal") renewing his commitment to inpatient treatment following a verdict finding him not guilty by reason of insanity of the offense of manslaughter.

In response to our December 12, 2017 order abating the 2017 appeal,[1] the trial court clerk filed an information sheet stating, "This case is on the trial court's docket for 4/2/18." The trial court clerk attached the docket sheet, which reflected an "NGRI Commitment Status Conference" scheduled for April 2, 2018, at 9:00 a.m. The trial court has failed to file a supplemental record, as ordered by this Court, nor has the trial court filed any document indicating that it conducted the hearing as directed in the December 12, 2017 order.

The hearing scheduled for April 2, 2018, appears to be the annual hearing to determine whether to renew appellant's inpatient commitment. This hearing does not satisfy this Court's prior abatement orders of September 7, 2017, and December 12, 2017, which ordered the trial court to hold a hearing to determine whether appellant wishes to pursue the 2017 appeal.

---

[1]    We abated the 2017 appeal on September 7, 2017, after appellate counsel failed to file a brief. We abated the 2016 appeal on January 4, 2018, until such time as the trial court files the requested findings and conclusions following the abatement hearing for the 2017 appeal.

We therefore **order** the trial court to **immediately conduct a hearing**, specifically to make fact findings as outlined below, at which a representative of the Harris County District Attorney's Office and appellant's counsel, Staci Biggar, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) **make a finding** on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Staci Biggar has abandoned this appeal;

(3) if counsel Staci Biggar has not abandoned this appeal:
    a. inquire of counsel the reasons, if any, that she has failed to file a brief timely on appellant's behalf; and
    b. set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Staci Biggar has abandoned this appeal, enter a written order relieving Staci Biggar of her duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
    a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;
    b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
        i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's briefs are due, regardless of whether this Court has yet reinstated these appeals and no later than 30 days from the date of the hearing; or,
        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) **enter written findings of fact, conclusions of law, and recommendations** as

---

[2] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

to these issues, separate and apart from any docket sheet notations, and supplement the appellate record accordingly.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West 2015); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than **14 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 10 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 10 days** of the date of the hearing.

The 2016 appeal and the 2017 appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Evelyn V. Keyes
               ☒ Acting individually    ☐ Acting for the Court

Date: February 15, 2018